UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GRADY PEDERSON, also known as Sonie Two Bear Witko, | Case No. 17-CV-1674 (WMW/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA; NOBLES COUNTY COURT; MURRAY COUNTY COURT; PIPESTONE COUNTY COURT; COTTONWOOD COUNTY COURT; CHRISTINA WIETZEMA; JUDGE FLYNN, and JUDGE CHRISTANSEN, | |
| Defendants. | |

Plaintiff Grady Pederson did not pay the required filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, the Court concludes that the IFP application cannot be granted for two reasons. First, the application itself is woefully incomplete. Pederson has not provided any information whatsoever about his assets, income, expenses, or anything else about his finances. *See* ECF No. 2 at 1-5. Without additional information, this Court cannot conclude that Pederson qualifies financially for IFP status.

Second, even if Pederson had provided sufficient financial information from which to conclude that he qualifies financially for IFP status, this Court would nevertheless recommend that the IFP application be denied and that this action be dismissed, as his complaint is frivolous. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Statutory provisions

may simply codify existing rights or powers.  Section 1915(d), for example, authorizes courts to

dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do

so even in the absence of this statutory provision."); *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir.

1996) (noting that a district court may sua sponte dismiss a frivolous complaint prior to service

of process).  An action is frivolous if it lacks "an arguable basis either in law or in fact"      if it is

based on an "indisputably meritless legal theory" or factual allegations that are so "fanciful,"

"fantastic," or "delusional" as to be "clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 325,

327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that courts

may dismiss a claim as factually frivolous "if the facts alleged are clearly baseless, a category

encompassing allegations that are fanciful, fantastic, and delusional") (quotations and citations

omitted).

Pederson's complaint is largely incomprehensible.  To the extent that this Court can

comprehend what Pederson is alleging at all, it appears that Pederson is attempting to challenge

the validity of the requirement imposed by the State of Minnesota that he register as a predatory

offender; Pederson may also be seeking to challenge a conviction incurred for failure to register.[1]

*Cf. State v. Pederson*, No. A14-1849, 2015 WL 5089026, at *1 (Minn. Ct. App. Aug. 31, 2015).

This is necessarily speculative, however, as Pederson's complaint fails to set forth in a readily

_____

[1]If this reading is correct, Pederson's lawsuit is squarely foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which prohibits civil lawsuits in which "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *See Ehlers v. United States Navy*, No. 16-CV-0030 (DWF/TNL), 2016 WL 1592478, at *3 (D. Minn. Mar. 14, 2016) (collecting cases for proposition that claims squarely barred by *Heck* are subject to dismissal sua sponte as frivolous).  This Court also notes that Pederson's complaint cannot be readily interpreted as a petition for a writ of habeas corpus challenging the validity of his conviction for failing to register as a predatory offender, as the limitations period for seeking federal habeas relief from that conviction has passed.  *See* 28 U.S.C. § 2244(d).

understandable manner what, exactly, he is challenging in this litigation.  For example,

paragraph 7 of Pederson's complaint     which comprises the bulk of the factual allegations being

raised in this lawsuit     reads as follows (sic throughout, except where bracketed):

> For the further acts of genocadal abuse and misuses of judicial
> power    to use civil commitment to enforce and abuse judical due
> process, to circumnavigate the judical due process and violate life
> limb double jeopardy and to give a life sentence with due process
> of the law.  To enforce charges which were dismissed    And to
> abuse ex post facto enforcement on expired file    charges of illegal
> search seizure phone # [omitted].  Wire tappe survellence.  Denial
> of all basic right to life drove in to poverty.

Compl. at 4 [ECF No. 1].[2]

This garble is insufficient to put the defendants or the Court on notice of the specific

factual allegations being raised in this action.  Further, even taking each of these (conclusory)

allegations as true, Pederson provides no basis for this Court to conclude that the specific

defendants named to this action     the State of Minnesota, four Minnesota judicial districts, and

three Minnesota state judges     are at fault for the harms alleged in the complaint.[3]  There is no

arguable basis from the complaint for this lawsuit, against these defendants, to go forward.

Accordingly, it is hereby recommended that this action be dismissed without prejudice and that

the IFP application be denied.

---

[2]This is not the first complaint with incomprehensible allegations filed by Pederson in federal court. *See Two Bears Witko v. United States*, No. 16-5123-JLV, ECF No. 17 (D.S.D. June 5, 2017) (dismissing action sua sponte pursuant to 28 U.S.C. § 1915(e)(2) for being both frivolous and for failure to state a claim on which relief may be granted.)

[3]Additionally, each of these defendants is likely insulated from suit by either sovereign or judicial immunity.  The precise application of these immunity doctrines is unknowable here, however, due to the inadequacy of Pederson's factual allegations.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.     This action be DISMISSED WITHOUT PREJUDICE as frivolous.

2.     The application to proceed *in forma pauperis* of plaintiff Grady Pederson [ECF

       No. 2] be DENIED.

Dated: August 8, 2017                           *s/ David T. Schultz*
                                                David T. Schultz
                                                United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).