UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Grady Pederson, also known as Sonie Two Bear Witko,<br><br>Plaintiff,<br><br>v.<br><br>State of Minnesota, Nobles County Court, Murray County Court, Pipestone County Court, Cottonwood County Court, Christina Wietzema, Judge Flynn, and Judge Christansen,<br><br>Defendants. | Case No. 17-cv-1674 (WMW/DTS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

This matter is before the Court on the August 8, 2017 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz. (Dkt. 3.) The R&R recommends dismissing Plaintiff Grady Pederson's complaint without prejudice as frivolous because it presents no arguable basis in law or fact. Pederson filed timely objections to the R&R.

After a party files and serves specific written objections to a magistrate judge's proposed findings and recommendations, LR 72.2(b)(1), the district court reviews de novo those portions of the R&R to which an objection has been made, 28 U.S.C. § 636(b)(1)(c). When doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Pederson's objections do not directly address the R&R's conclusion that Pederson's complaint is frivolous. A complaint is frivolous if it lacks "an arguable basis either in law or in fact," if it is based on an "indisputably meritless legal theory," or if "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (internal citations omitted) (internal quotation marks omitted). Rather than challenging the R&R's conclusion, Pederson supplements the allegations in his complaint with additional details. In doing so, he refers to criminal proceedings in Minnesota state court, but he provides only minimal details about those proceedings. Pederson contends generally that his "civil rights have been virtually non-existent in the State of Minnesota," and he appears to challenge aspects of the Minnesota state courts' decisions and his criminal sentences.

Because Pederson is proceeding *pro se*, his complaint must be liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Even when construed liberally and in light of the additional details provided in Pederson's objections to the R&R, dismissal of Pederson's complaint is warranted.

As a threshold matter, under the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction over challenges to state-court decisions. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). Thus, to the extent that Pederson's claims challenge the merits of the

state courts' decisions in his criminal matters, those claims must be dismissed for lack of subject-matter jurisdiction.

In all other respects, Pederson's complaint has no arguable basis in law or fact. Although Pederson supplies additional details in his objections to the R&R, those details are not pleaded in his complaint. Even if the Court construes these details to be a part of Pederson's complaint, there is minimal if any connection between Pederson's factual allegations and legal claims and any defendant named in the complaint. For these reasons, the Court overrules Pederson's objections and concludes that dismissal of his complaint is warranted because it is frivolous.

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Grady Pederson's objections, (Dkt. 4), are **OVERRULED**.

2. The August 8, 2017 R&R, (Dkt. 3), is **ADOPTED**.

3. Plaintiff Grady Pederson's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff Grady Pederson's applications to proceed *in forma pauperis*, (Dkts. 2, 5), are **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 2, 2017            s/Wilhelmina M. Wright  
                                                                           Wilhelmina M. Wright  
                                                                           United States District Judge